IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ADAM HENKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-0371-CV-W-BP |
| | ) | |
| OFFICER DANIEL COLLINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION GRANTING OFFICER DANIEL COLLINS AND THE BOARD OF POLICE COMMISSIONERS SUMMARY JUDGMENT ON COUNTS III AND IV RESPECTIVELY**

In an Order dated June 2, 2017, the Court resolved many of the claims in this suit, and then directed the parties to submit supplemental briefing that addressed the remaining claims. (Doc. 80.) The Court has reviewed the supplemental briefing and now grants summary judgment to Defendants on the remaining claims.

**I. BACKGROUND**

This suit arises from an arrest of Plaintiff Adam Henke. The Court's prior Order discusses the facts in great detail, (Doc. 80, pp. 3-6), and the discussion will not be recounted here. The Amended Complaint alleges that (1) the arresting officer, Daniel Collins, administered excessive force during the arrest, (2) three John Doe Defendants arrived on the scene and also administered excessive force during the arrest, and (3) three more John Doe Defendants administered excessive force at the police station. The Amended Complaint asserts the following claims:

- Count I asserts constitutional claims against Officer Collins and the John Doe Defendants,

- Count II also asserts constitutional claims against Officer Collins and the John Doe Defendants,
- Count III asserts a constitutional claim against the Board of Police Commissioners, ("the Board") for failing to instruct, supervise, control, and discipline Officer Collins and the John Doe Defendants,
- Count IV asserts a negligence claim against all Defendants, and
- Count V does not assert a cause of action, but instead seeks punitive damages.

The Court's June 2 Order (1) dismissed the John Doe Defendants from all counts because they had not been named or served, (2) granted Officer Collins summary judgment on Counts I and II, (3) granted the Board summary judgment on Count III to the extent that it was premised on Officer Collins' conduct, and (4) granted the Board summary judgment on Count IV. (Doc. 80.) This left (1) Count IV's negligence claim against Officer Collins and (2) Count III's constitutional claim against the Board, to the extent the claim was based on the John Doe Defendants' conduct. The parties were directed to provide supplemental briefing on those claims; specifically, the parties were to address (1) whether Officer Collins is entitled to official immunity (as opposed to sovereign immunity) on Count IV's negligence claim and (2) whether Plaintiff's claims against the Board based on the John Doe Defendants' allegedly unconstitutional conduct could proceed. (Doc. 80, pp. 14-16.) The Court has reviewed the parties' supplemental filings, and now concludes that summary judgment on the remaining claims is warranted.

## II. DISCUSSION

A moving party is entitled to summary judgment on a claim only upon a showing that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a

matter of law." *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984), *cert. denied*, 470 U.S. 1057 (1985). A party opposing a motion for summary judgment may not simply deny the allegations, but must point to evidence in the Record demonstrating the existence of a factual dispute. Fed. R. Civ. P. 56(c)(1); *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909-10 (8th Cir. 2010).

### A. Count IV – Officer Collins' Entitlement to Official Immunity

Count IV alleges that Officer Collins was negligent in his use of force and in "escalating the use of force without trying lesser means of restraint and without adequate provocation." (Doc. 22, ¶ 63.) In his supplemental briefing, Plaintiff clarifies that he alleges Officer Collins acted negligently by having his weapon drawn, failing to act calmly, and using more force than was necessary to remove Plaintiff from his car after he refused to exit on his own. (Doc. 82, pp. 1-2, 4-5.) However, Officer Collins is entitled to official immunity for these decisions and actions. "Under Missouri law, official immunity 'protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the

3

performance of discretionary acts.'" *K.B. v. Waddle*, 764 F.3d 821, 824 (8th Cir. 2014) (quoting *Southers v. City of Farmington,* 263 S.W.3d 603, 610 (Mo. 2008) (en banc)). An "officer's decision to use force in the performance of his duties is discretionary rather than ministerial." *Davis v. White,* 794 F.3d 1008, 1013 (8th Cir. 2015). Similarly, aiming or using a weapon is a discretionary act, not a ministerial act. *Murray v. Leyshock,* 915 F.2d 1196, 1200 (8th Cir. 1990).

Plaintiff contends that his tort claims are not barred by official immunity because Officer Collins acted with bad faith or malice. It is true that official immunity will not protect an officer who acts in bad faith or with malice. *E.g., Davis,* 794 F.3d 1013. However, in arguing that a jury must decide if Officer Collins acted in bad faith or with malice, Plaintiff relies only on his theory that Officer Collins could have acted differently than he did. For instance, he argues that a jury might "conclude that Defendant Collins in acted in bad faith or with malice when he used excessive force to remove Mr. Henke from his vehicle" instead of "remov[ing] Mr. Henke from his vehicle in a controlled manner, pull[ing] to the ground and then effect[ing] a proper hand cuffing technique." (Doc. 82, p. 4.) Plaintiff thus relies solely on the allegedly negligent acts to demonstrate malice or bad faith. But these acts do not inherently suggest malice or bad faith, and Plaintiff does not identify any evidence that would permit a jury to conclude that Officer Collins acted with malice or bad faith.

Plaintiff also emphasizes that when Officer Collins successfully removed him from the car he purported to "use the ground stun technique," which Officer Collins described as a technique designed "to forcefully put someone onto the ground so to temporarily stun them in order to get control of them." (Doc. 44-1, ¶¶ 29-30.) Defendant argues that this technique is not contained in training manuals and suggests this is evidence of malice or bad faith. He contends

that Defendant's expert "testified that he had never taught that technique for vehicle extractions." (Doc. 82, pp. 4-5.) However, the cited testimony responded to the question as to whether the expert taught it for use in vehicle extractions. The expert further testified that "[t]he ground stun . . . is an asset used by an officer in any number of physical confrontations" and is not "specifically" used to effect a vehicle extraction. (Doc. 82-2, p. 3.) Thus, Plaintiff has not established that Officer Collins violated policy by using the technique. Regardless, even if he has this evidence would not establish malice. "Public employees' conduct that is contrary to applicable statutes or policies can constitute evidence that their conduct was negligent, but that conduct does not remove their negligence from the protections of the official immunity or public duty doctrines where the provisions at issue indicate no intent to modify or supersede these common law immunity protections." *Southers v. City of Farmington,* 263 S.W.3d 603, 617 (Mo. 2008) (en banc); *see also Rhea v. Sapp,* 463 S.W.3d 370, 379 (Mo. Ct. App. 2015). Even if Officer Collins made an improper/negligent choice in using the ground stun technique, this fact will not deprive him of official immunity.

Finally, Plaintiff compares this case to the Missouri Court of Appeals' decision in *Blue v. Harrah's N. Kansas City, LLC,* but *Blue* actually demonstrates that Plaintiff cannot rely simply on his allegation that Officer Collins acted negligently. In *Blue*, the plaintiff was arrested on suspicion of stealing another casino patron's chips. He filed a claim for false arrest against the arresting officer after the casino's surveillance tapes confirmed that he was not the thief. The trial court granted the officer summary judgment, but the Missouri Court of Appeals reversed. In doing so, the court noted that there were "several facts that might suggest a 'conscious wrongdoing'" on the officer's part, including: witnesses advising that the plaintiff did not look like the thief, the officer's admission that he did not have probable cause to arrest the plaintiff

before encountering him, the officer's refusal to look at the surveillance tape of the location where the plaintiff claimed to be during the theft, and the officer's decision to arrest plaintiff despite not having probable cause "because he thought [the plaintiff's] answers about not knowing roulette were suspicious and he was belligerent." 170 S.W.3d 466, 479 (Mo. Ct. App. 2005). In other words, the plaintiff in *Blue* did not rely merely on the fact that he was falsely arrested: the plaintiff was able to identify facts in the Record that would support a finding of bad faith or malice. In contrast, Plaintiff has not identified any evidence that would support a finding of bad faith or malice.

Officer Collins' actions were discretionary, and he is immune from tort claims in the absence of evidence that would support a determination that he acted in bad faith or with malice. Plaintiff has not identified any such evidence. Accordingly, Officer Collins is entitled to summary judgment on Count IV.

### B. Count III – The Board's Liability for the John Doe Defendants' Constitutional Violations

For the Board to be liable on Count III, there must first be a violation of Plaintiff's constitutional rights. *E.g., McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005). The Court previously determined that Officer Collins did not violate Plaintiff's rights, but for the sake of argument the Court will presume that Plaintiff's rights were violated by one or more of the John Doe Defendants. However, even if Plaintiffs' rights were violated, the Board's liability would not be established by that fact alone. "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence., MO.*, 829 F.3d 695, 699 (8th Cir. 2016) (quotations and citations omitted). It is not enough for a plaintiff to simply allege that such a policy, custom, or deliberate indifference

exists; a plaintiff must be able to prove that the constitutional violation occurred because of an official policy, an unofficial custom, or deliberate indifference by the decisionmakers. *E.g., Green v. Nocciero,* 676 F.3d 748, 752 (8th Cir. 2012).

The Board contends that there is no evidence in the Record that will permit a jury to find that a policy, custom, or lack of training that led to any unconstitutional conduct by the John Doe Defendants. (Doc. 81, p. 5.) Plaintiff does not dispute this point; despite acknowledging in his Supplemental Brief that he was to discuss "whether the Board is entitled to derivative immunity . . . with respect to the actions of the John Doe Defendants," (Doc. 82, p. 1), he did not address the issue, nor did he respond to the Board's allegation that there is no evidence in the Record to support Plaintiff's claim. The Court therefore concludes that there is no triable issue requiring resolution by a jury.

### III. CONCLUSION

For the reasons set forth above, the Court grants summary judgment Officer Collins on Count IV and to the Board on the remaining aspects of Count III. When combined with the June 2 Order, these rulings resolve Counts I through IV. With all substantive claims resolved, judgment for Defendants on Count V is appropriate as well.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: June 30, 2017　　　　　　　　　UNITED STATES DISTRICT COURT